UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TAMMY HAWKINS, *et al.*,

    Plaintiffs,

vs.

MYHERITAGE LTD., *et al.*,

    Defendants.

Case No. 3:24-cv-225

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) DENYING DEFENDANTS' MOTION TO DISMISS (Doc. No. 19); AND (2) ALLOWING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT ON OR BEFORE SEPTEMBER 19, 2025**

---

Plaintiff Tammy Hawkins brings this civil case, through counsel, seeking class certification and damages for alleged violations of Ohio statutory law. Doc. No. 17 at PageID 175-79. She claims that Defendants, MyHeritage Ltd. and MyHeritage (USA) Inc., have used her personal information, including her name, image, and likeness, on Defendants' genealogy website, myheritage.com, in violation of Ohio's right of publicity statute, Ohio Rev. Code § 2741.01, *et seq*. *See id*. at PageID 174, 177-79.

Plaintiff asserts the Court has subject matter jurisdiction over this case "pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act, because the proposed class consists of more than 100 members and the amount in controversy exceeds $5 million." *Id*. at PageID 166. She explains Defendant MyHeritage Ltd. is an Israeli entity with its principal place of business in Israel, and Defendant MyHeritage (USA) Inc. is a Delaware-registered corporation with its principal place of business in Lehi, Utah. Doc. No. 17 at PageID 165. Plaintiff is a citizen of Ohio.[1] *See id*.

---

[1] The Court notes its ongoing duty to ensure it has jurisdiction to act in each case before it. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*").

This case is before the Court on Defendants' motion to dismiss (Doc. No. 19), Plaintiff's memorandum in opposition (Doc. No. 22), and Defendants' reply. Doc. No. 23. Defendants seek dismissal of Plaintiff's first amended complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction; Rule 12(b)(1) for lack of standing; and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Doc. No. 19 at PageID 191.

Defendants' motion to dismiss is ripe for review.

**I.**

The following factual review is based on the allegations raised in Plaintiff's first amended complaint or Defendants' motion to dismiss and attached documents.

Plaintiff alleges, "According to the Terms and Conditions found on www.myheritage.com, (dated as of September 5, 2024) [Defendants] MyHeritage Ltd. and MyHeritage (USA) Inc. own and operate a group of websites…, which includes www.myheritage.com and a sister genealogy website www.geni.com." Doc. No. 17 at PageID 166; *see* Doc. No. 19 at PageID 212-13 (Decl. of Gilad Japhet). "MyHeritage is an online genealogy platform that enables customers to explore their family history and discover new relatives through its website, www.myheritage.com." Doc. No. 17 at PageID 168. MyHeritage allows users to "just search a name" and "uncover more than . . . ever imagined." *Id.* MyHeritage is accessible worldwide and hosts billions of historical records.[2] *See id.* at PageID 172.

MyHeritage offers potential users free limited access to preview certain records and a free 14-day trial that provides a user access to explore the larger database of records hosted on the platform.

---

[2] *See Goplin v. WeConnect, Inc.*, 893 F.3d 488, 491 (7th Cir. 2018) (when a party refers the court to another party's website, the court may take judicial notice of the website's contents); *Energy Automation Sys., Inc. v. Saxton*, 618 F. Supp. 2d 807, 810 n.1 (M.D. Tenn. 2009) ("A court may take judicial notice of the contents of an Internet website"); MYHERITAGE, https://www.myheritage.com [https://perma.cc/CGX9-QEHE] (last visited July 2, 2025).

*Id.* at PageID 170, 175.  Typically, only paid subscribers can access this larger database.  *Id.*  MyHeritage's wiki website states its database contains 118 collections of records from Ohio.[3]  *Id.* at PageID 167.  MyHeritage offers a tiered subscription service—higher tiered plans provide users with extensive access to the website's features, including "'Instant Discoveries' (a trademarked tool that leverages MyHeritage's database to purportedly allow customers to add entire branches to their family trees within a single click) and 'Smart Matches' (another trademarked feature that purportedly reveals insights into a customer's family tree based on other customers' family tree)."  *Id.* at PageID 171.

Plaintiff alleges that during "the promotional free trial[, a free-trial user] may search for, download, and view records in MyHeritage's database . . . .," including Plaintiff's records.  *Id.* at PageID 174.  As such, a free-trial user receives access to Plaintiff's records as if the user is a paid subscriber.  *Id.* at PageID 175.  According to Plaintiff, "MyHeritage's sole purpose in using [her] name, identity, and likeness in the promotional free 14-day trial is to advertise, sell, and solicit the purchase of paid subscription plans."  *Id.*  Plaintiff claims this violates Ohio's right of publicity statute because it prohibits the use of "any aspect of an individual's persona for a commercial purpose" without "the written consent" of the individual.  Ohio Rev. Code § 2741.02; Doc. No. 17 at PageID 172-75, 177-79.  Plaintiff also alleges she did not consent to such use.  *See id.* at PageID 175.

## II.

### A. The Parties' Contentions

Defendants contend that dismissal of Plaintiff's amended complaint is warranted for lack of personal jurisdiction because there is no basis to exercise general or specific jurisdiction over them.  Doc. No. 19 at PageID 195.  They reason the complaint's conclusory allegation—that Defendants

---

[3] *See* MYHERITAGE, https://www.myheritage.com/wiki/United_States/Ohio#Explore_more_about_Ohio [https://perma.cc/XMD3-2H8J] (last visited July 8, 2025).

"expressly aim[]" their genealogy website at Ohio does not show intentionally tortious conduct aimed at Ohio, and the mere fact their genealogy website is accessible in Ohio is insufficient. *Id.* They further reason: (1) the complaint advances no allegation showing Plaintiff's claim arises from, or relates to, Defendants' contacts with Ohio; (2) Plaintiff's allegations regarding Defendants' Ohio-specific collections are not jurisdictionally significant, particularly when the records at issue were not acquired from Ohio but were gleaned from the United States Public Records Index—a database of records from all 50 states, which is licensed to a data broker in California; and (3) Plaintiff's assertion of personal jurisdiction over Defendants is unreasonable due to the disproportionate burden on them as international companies with no significant business operations or physical presence in Ohio. *Id.* at PageID 195-98.

Plaintiff challenges each of Defendants' jurisdictional arguments. *See* Doc. No. 22 at PageID 262-67.

**B. The Prima Facie Case**

A plaintiff has the burden to establish a prima facie case of personal jurisdiction over each defendant. *Carbone v. Kaal*, 140 F.4th 805, 808 (6th Cir. 2025). This initial burden can be met "'merely through the complaint.'" *Id.* (quoting *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 504 (6th Cir. 2020)). "This requires 'establish[ing], with reasonable particularity, sufficient contacts between the defendant and the forum state to satisfy the relevant long-arm statute and the Due Process Clause.'" *Id.* at 808-09 (quoting *Malone*, 965 F.3d at 504); s*ee Arnold v. CooperSurgical, Inc.*, 681 F. Supp. 3d 803, 814 (S.D. Ohio 2023) ("conclusory statements or bare allegations alone are insufficient to establish personal jurisdiction." (citing *Morrison v. Taurus Int'l Co.*, No. 3:11-cv-322, 2012 WL 5493962, at *1 (S.D. Ohio Nov. 13, 2012))).

If plaintiff's complaint establishes a prima facie case of personal jurisdiction, the burden shifts to the defendants to support their motion to dismiss with evidence showing the district court lacks

4

personal jurisdiction over them. *Carbone*, 140 F.4th at 809. If the defendants succeed, the burden returns to plaintiff to go beyond the complaint and present, "by affidavit or otherwise, specific facts showing that the court has jurisdiction." *Id.* (quoting *Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*, 40 F.4th 432, 437 (6th Cir. 2022)).

In the present case, if Plaintiff does not show the exercise of personal jurisdiction over Defendants satisfies due process, there is no need to consider whether the exercise of personal jurisdiction over them would also run afoul of Ohio's long-arm statute. *Id.* (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991) (conducting the due-process analysis first)).

### C. The Due Process Clause

"'A federal court's exercise of personal jurisdiction in a diversity of citizenship case must be both (1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment.'"[4] *Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014) (quoting *Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883, 888 (6th Cir. 2002)).

The Due Process Clause "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he [or she] has established no meaningful contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (internal quotation marks omitted). When, as in the present case, an out-of-state defendant is sued, personal jurisdiction over the defendant arises from "certain minimum contacts with [the forum] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

---

[4] The Fourteenth Amendment's Due Process Clause prohibits "any State" from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

Two types of personal jurisdiction exist: "general" or "specific." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017). "General jurisdiction exists when a defendant's relationship with the forum state is 'so "continuous and systematic" as to render [it] essentially at home' there." *Carbone*, 140 F.4th at 810 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Specific jurisdiction "arises out of or relates to the defendant's contacts with the forum." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (citation modified).

### III.

Plaintiff does not explicitly state whether she is asserting general or specific personal jurisdiction. Doc. Nos. 17, 22. Upon review of her first amended complaint and memorandum, the Court finds she has not alleged facts indicating Defendants have had continuous and systematic contacts with Ohio to support the exercise of general jurisdiction over them. *See id.* The Court will therefore address only whether it has specific personal jurisdiction over Defendants.

A three-part test determines whether the Court may exercise specific personal jurisdiction over Defendants consistent with the Due Process Clause:

> (1) Defendants purposefully availed themselves of the privilege of acting, or causing a consequence, in Ohio; (2) Plaintiff's claims against Defendants arise from Defendants' activities in Ohio; and (3) Defendants' actions, or the consequences they caused, have a substantial enough connection with Ohio to make it reasonable for a court in Ohio to exercise jurisdiction.

*See Carbone*, 140 F.4th at 810 (first citing *Peters Broad. Eng'g, Inc.*, 40 F.4th at 441; and then citing *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

Plaintiff argues Defendants purposefully availed themselves of the privilege of acting in Ohio by "curating 59 million Ohio-specific records from 13 Ohio-specific databases." Doc. No. 22 at PageID 262-65. In support of this, Plaintiff relies on two cases: *Wilson v. Ancestry.com LLC*, 653 F. Supp. 3d 441 (S.D. Ohio 2023), *reconsideration denied,* No. 2:22-CV-861, 2024 WL 3157764 (S.D. Ohio June 25, 2024), and *Sessa v. Ancestry.com Operations Inc.*, 561 F. Supp. 3d 1008 (D. Nev.

6

2021), *on reconsideration*, 713 F. Supp. 3d 997 (D. Nev. 2024). Plaintiff's reliance on *Wilson* and *Sessa* is misplaced.

In *Wilson*, the plaintiffs alleged defendant Ancestry.com, another genealogy website, displayed Ohio yearbook photographs of the plaintiffs in advertising based on information that Ancestry.com sourced from yearbooks in Ohio. *Wilson*, 653 F. Supp. 3d at 451-52. The *Wilson* plaintiffs also alleged Ancestry.com intentionally targeted Ohio residents with its advertisements. The district court found this fact persuasive and supported its exercise of personal jurisdiction over Ancestry.com. *Id.* Likewise, the *Sessa* court found Ancestry.com purposefully availed itself in Nevada when targeting yearbook records from Nevada schools and using Nevada residents' names and images in email promotional materials. *Sessa*, 561 F. Supp. 3d at 1025.

Both cases are distinguishable because Plaintiff here does not allege that Defendants collected names and photographs from Ohio yearbooks. *See* Doc. No. 17. Nor does she allege in her amended complaint that Ohio residents' names and images were used for promotional materials targeted specifically at Ohio residents. *See id.* Plaintiff's screenshot of her record on MyHeritage's website found in her amended complaint shows her record is "in U.S. Public Records Index"—not from an Ohio-specific source. *Id.* at PageID 174.

## IV.

Plaintiff contends Defendants purposefully availed themselves of the privilege of acting in Ohio by targeting advertisements at Ohio residents and using their personas to sell its services. Doc. No. 22 at PageID 262-65. She also maintains Defendants "regularly chos[e] to do business with Ohio residents." *Id.* However, the allegations supporting these contentions are not found in her amended complaint. *See* Doc. No. 17 at PageID 164-79. Under these circumstances, Plaintiff has not properly alleged in her amended complaint that Defendants are subject to personal jurisdiction in Ohio. Yet, because leave to amend is freely granted as justice so requires, and given Plaintiff made new

7

allegations in her opposition memorandum, the Court will allow Plaintiff to amend her complaint again to properly make her allegations. *Accord.* Fed. R. Civ. P. 15(a).

**V.**

For the foregoing reasons, the Court: (1) **DENIES** Defendants' motion to dismiss for lack of personal jurisdiction (Doc. No. 19); and (2) **ALLOWS** Plaintiff to file a second amended complaint **on or before September 19, 2025**.  If Plaintiff does not file a second amended complaint by the deadline, the Court will dismiss this case with prejudice for the reasons more fully discussed in this Order.

**IT IS SO ORDERED.**

August 21, 2025                                               s/*Michael J. Newman*
                                                               Hon. Michael J. Newman
                                                               United States District Judge